UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

SHARON L. WALTERS,

        Plaintiff,

        v.

THE CHASE MANHATTAN BANK,

        Defendant.

No. CV-07-0037-FVS

ORDER DENYING MOTION TO REMAND

**THIS MATTER** comes before the Court on the Plaintiff's Motion to Remand Action to State Court, Ct. Rec. 6. The Plaintiff is proceeding pro se. The Defendant is represented by David A. LeMaster.

The Plaintiff originally filed the instant lawsuit in the Superior Court in and for Spokane. The Defendant removed the action to this Court on February 1, 2007. The Plaintiff's complaint alleges causes of action for breach of contract, violation of the Truth In Lending Act ("TILA"), and infringement on the Plaintiff's right to due process of law. The Plaintiff now seeks to remand the action to state court on the grounds that the Court lack subject matter jurisdiction. In addition, both parties request sanctions under Federal Rule of Civil Procedure 11.

**I.   MOTION TO REMAND**

The federal district courts have original jurisdiction over all civil causes of action "arising under the Constitution, laws, or

ORDER DENYING MOTION TO REMAND- 1

treaties of the United States." 28 U.S.C. § 1331. Any such action filed in state court may be removed to federal court. 28 U.S.C. § 1441(a). When a federal district court has subject matter jurisdiction over a claim, the court also has "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III." 28 U.S.C. § 1367.

The Plaintiff's claims arise under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*, and the United States Constitution. This Court accordingly has subject matter jurisdiction pursuant to 28 U.S.C. § 1331. The Court has discretion to exercise supplemental jurisdiction over the Plaintiff's breach of contract claim because it is based upon the same series of events as the Plaintiff's TILA claim. Removal was therefore proper under 28 U.S.C. § 1441.

Citing the Supreme Court's decision in *Moses H. Cone Memorial Hospital v. Mercury Construction Corporation*, the Plaintiff argues that federal courts only have jurisdiction over "actions of this type" when there is diversity of citizenship. 460 U.S. 1, 26 n.32, 103 S. Ct. 927, 942 n.32, 74 L. Ed. 2d 765, 786 n.32 (1983). However, *Moses H. Cone* refers to federal question jurisdiction under the Arbitration Act, rather than the TILA. While the facts underlying the Plaintiff's claims do involve arbitration, the Arbitration Act is not the basis for this Court's jurisdiction. As explained above, this Court's jurisdiction is based on the fact that the Plaintiff has filed two federal claims and the Plaintiff's breach of contract claim is

factually related to the federal claims. The motion to remand will therefore be denied.

## II. REQUESTS FOR SANCTIONS

Under the Federal Rules of Civil Procedure, a district court may impose sanctions upon an attorney or party who has filed a motion or pleading for "any improper purposes," such as to harass the opposing party or to delay the litigation. Fed. R. Civ. P. 11(c). A party seeking to impose Rule 11 sanctions must serve the motion for sanctions upon the opposing party 21 days prior to filing it with the court. Fed. R. Civ. P. 11(c)(1)(A). A sanction imposed under Rule 11 "shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct." Fed. R. Civ. P. 11(c)(2).

The Plaintiff argues that the Court should impose sanctions on the Defendant because the Defendant removed this case to federal court for the purpose of harassing the Plaintiff and delaying the proceedings. As explained above, the removal of this action was well-founded. Consequently, there is no basis upon which to impose sanctions on the Defendant.

The Defendant argues that the Court should impose sanctions on the Plaintiff because her motion to remand was completely without merit. While the Court agrees that the Plaintiff's motion to remand is meritless, it does not appear that the Plaintiff filed her motion for any improper purpose. The Plaintiff's brief relies upon valid propositions of law; it simply misapplies those principles. Penalizing a pro se litigant for the occasional, inevitable mistake would be unjust and contrary to the principle that pro se pleadings

are construed liberally.  The Court being fully advised,

**IT IS HEREBY ORDERED:**

1. The Plaintiff's Motion to Remand Action to State Court, **Ct. Rec. 6**, is **DENIED**.

2. The Plaintiff's Motion for Sanctions, **Ct. Rec. 7**, is **DENIED**.

3. The Defendant's request for sanctions is **DENIED**.

**IT IS SO ORDERED.**  The District Court Executive is hereby directed to enter this order and furnish copies to counsel.

**DATED** this  21st  day of September, 2007.

                           s/ Fred Van Sickle
                            Fred Van Sickle
                      United States District Judge

ORDER DENYING MOTION TO REMAND- 4