UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

SHARON WALTERS,

        Plaintiff,

   v.

THE CHASE MANHATTAN BANK,

        Defendant.

No. CV-07-0037-FVS

ORDER GRANTING AND DENYING MOTIONS TO DISMISS

**THIS MATTER** came before the Court for a hearing on the Plaintiff's Motions to Dismiss, Ct. Rec. 55 and Ct. Rec. 56. Timothy W. Durkop appeared on behalf of the Plaintiff. David A. LeMaster appeared on behalf of the Defendant. This order is intended to memorialize and supplement the Court's oral ruling.

**BACKGROUND**

This lawsuit arises out of a contract that the Plaintiff, Sharon L. Walters, entered into with the Defendant, Chase Manhattan Bank. Compl. ¶ 3; Ans. ¶ 4. Pursuant to the contract, the Defendant provided the Plaintiff with a revolving, open-ended credit account. *Id.* On August 4, 2005, the Defendant received a letter from the Plaintiff disputing certain charges on the Plaintiff's monthly statement. Compl. ¶ 7; Ans. ¶ 7.

The Defendant did not respond to the letter for more than 90 days. Compl. ¶ 10; Ans. ¶ 10. The Defendant sought to collect on the Plaintiff's account by filing a claim with the National Arbitration

Forum. Compl. ¶ 16; Ans. ¶ 16. The Plaintiff filed a notice of objection to the arbitration. Compl. ¶ 25; Ans. ¶ 25. The National Arbitration Forum subsequently entered an award in favor of the Defendant in the amount of $30,882.56. Compl. ¶ 26; Ans. ¶ 26.

On January 4, 2007, the Plaintiff brought an action in the Superior Court for Spokane County alleging claims for breach of contract, violation of the Truth In Lending Act ("TILA"), and infringement of the Plaintiff's right to due process of law. The Defendant removed the action to this Court and counterclaimed for confirmation of the arbitration award pursuant to Section 9 of the Federal Arbitration Act ("FAA").

The Plaintiff now moves to dismiss both the complaint and the counterclaim.

**DISCUSSION**

**I.   SUBJECT MATTER JURISDICTION**

In its Order Denying Motion to Remand of September 21, 2007, the Court found that it had subject matter jurisdiction over the Plaintiff's constitutional and Truth in Lending Act Claims pursuant to 28 U.S.C. § 1331. The Court also found the exercise of supplemental jurisdiction over the Plaintiff's breach of contract claim to be proper under 28 U.S.C. § 1441. The Court did not address the Defendant's counterclaim.

The Defendant's counterclaim arises under the Federal Arbitration Act, 9 U.S.C. § 1 *et seq*. Consequently, the Court has subject matter jurisdiction over the counterclaim pursuant to 28 U.S.C. § 1331.

## II. MOTION TO DISMISS THE COMPLAINT

Under the Federal Rules of Civil Procedure, a plaintiff may voluntarily dismiss his or her complaint after the defendant has filed an answer or a motion for summary judgment only with the permission of the trial court. Fed. R. Civ. P. 41(a)(2). An action may not be dismissed over the objection of a defendant who has previously filed a counterclaim unless "the counterclaim can remain pending for independent adjudication." Fed. R. Civ. P. 41(a)(2).

Motions for dismissal under Rule 41(a)(2) are entrusted to the discretion of the trial court. *Navellier v. Sletten*, 262 F.3d 923, 938 (9th Cir. 2001). Under Ninth Circuit law, "A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001). "Legal prejudice" includes any prejudice to a legal interest, such as prejudice to a claim or an argument. *Id.* at 976. It does not include "the expense incurred in defending against a lawsuit." *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996).

The parties agree that the Defendant will not be legally prejudiced by dismissal of the complaint. The Plaintiff's motion to dismiss the complaint will therefore be granted.

## III. DISMISSAL OF THE COUNTERCLAIM

The Plaintiff seeks to dismiss the Defendant's counterclaim on the grounds that, following the dismissal of the complaint, the Court lacks jurisdiction over the counterclaim. However, as explained

ORDER GRANTING AND DENYING MOTIONS TO DISMISS- 3

above, the Defendant's counterclaim raises a federal question.  The Court will therefore retain jurisdiction over the counterclaim following dismissal of the complaint.  The Defendant having objected to the dismissal of the counterclaim, the Plaintiff's request to dismiss it will be denied.  The Court being fully advised,

**IT IS HEREBY ORDERED:**

1. The Plaintiff's Motion to Dismiss Plaintiff's Complaint, **Ct. Rec. 55**, is **GRANTED**.

2. All claims by the Plaintiff against the Defendant are **DISMISSED WITHOUT PREJUDICE** and without costs or fees to any party.

3. The Plaintiff's Motion to Dismiss Defendant's Counterclaim, **Ct. Rec. 56**, is **DENIED**.

4. The Plaintiff may file a supplemental memorandum in opposition to the Defendant's Motion For Summary Judgment And To Confirm Arbitration Award, Ct. Rec. 40, no later than **5:00 p.m.** on **February 5, 2008.**

5. The Defendant may file a supplemental reply in support of its Motion For Summary Judgment And To Confirm Arbitration Award, Ct. Rec. 40, no later than **5:00 p.m.** on **February 12, 2008.**

**IT IS SO ORDERED.**  The District Court Executive is hereby directed to enter this order and furnish copies to counsel.

**DATED** this  22nd  day of January, 2008.

>               s/ Fred Van Sickle
>                 Fred Van Sickle
>         United States District Judge

ORDER GRANTING AND DENYING MOTIONS TO DISMISS- 4