UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SHARON WALTERS,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>THE CHASE MANHATTAN BANK,<br><br>　　　　　Defendant. | No. CV-07-0037-FVS<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGEMENT, CONFIRMING ARBITRATION AWARD AND DENYING, AS MOOT, DEFENDANT'S MOTION TO COMPEL |

**THIS MATTER** came before the Court for a hearing, without oral argument, on Defendant's October 15, 2007 motion for summary judgment (Ct. Rec. 40) and Defendant's August 10, 2007 motion to compel discovery (Ct. Rec. 28). Plaintiff is represented by Timothy W. Durkop, and Defendant is represented by David A. LeMaster.

**BACKGROUND**

This lawsuit arises out of a contract that Plaintiff, Sharon L. Walters, entered into with Defendant, Chase Manhattan Bank. Compl. ¶ 3; Ans. ¶ 4. Pursuant to the contract, Defendant provided Plaintiff with a revolving, open-ended credit account. *Id.* On August 4, 2005, Defendant received a letter from the Plaintiff disputing certain charges on Plaintiff's monthly statement. Compl. ¶ 7; Ans. ¶ 7. Defendant did not respond to the letter for more than 90 days. Compl. ¶ 10; Ans. ¶ 10. Defendant sought to collect on Plaintiff's

ORDER . . . - 1

account by filing a claim with the National Arbitration Forum. Compl. ¶ 16; Ans. ¶ 16. Plaintiff filed a notice of objection to the arbitration. Compl. ¶ 25; Ans. ¶ 25. The National Arbitration Forum subsequently entered an award in favor of Defendant in the amount of $38,603.21. Compl. Exh. B; Ans. ¶ 26.

On January 4, 2007, Plaintiff brought an action in the Superior Court for Spokane County alleging claims for breach of contract, violation of the Truth In Lending Act ("TILA"), and infringement on Plaintiff's right to due process of law. Defendant removed the action to this Court and counterclaimed for confirmation of the arbitration award pursuant to Section 9 of the Federal Arbitration Act.

The parties engaged in discovery and Defendant moved for summary judgment on October 15, 2007. (Ct. Rec. 40). On January 15, 2008, Plaintiff moved to voluntarily dismiss the complaint and moved to dismiss Defendant's counterclaim. (Ct. Rec. 55, 56). Defendant contested the dismissal of its counterclaim. On January 22, 2008, the Court granted Plaintiff's motion to voluntarily dismiss her complaint. (Ct. Rec. 62). However, the Court retained jurisdiction over Defendant's counterclaim and set a supplemental briefing schedule with respect to the remaining issue. (Ct. Rec. 62).

**DISCUSSION**

**I.   SUBJECT MATTER JURISDICTION**

Plaintiff's supplemental briefing reasserts a prior jurisdictional argument. (Ct. Rec. 64). Plaintiff argues the Federal Arbitration Act does not create an independent federal-question jurisdiction and that the parties must establish either diversity of

ORDER . . . - 2

citizenship or federal question jurisdiction before a federal court can hear their claims. (Ct. Rec. 64 at 7).

As noted above, on January 4, 2007, Plaintiff brought an action in the Superior Court for Spokane County alleging claims for breach of contract, violation of TILA, 15 U.S.C. § 1601 *et seq.*, and infringement on Plaintiff's right to due process of law. On February 1, 2007, Defendant removed the action to this Court and counterclaimed for confirmation of the arbitration award pursuant to Section 9 of the Federal Arbitration Act. On September 21, 2007, the Court determined that the February 1, 2007 removal to federal court was proper under 28 U.S.C. § 1441. (Ct. Rec. 39). The Court found that since Plaintiff's claims were brought under TILA and the United States Constitution, it had jurisdiction pursuant to 28 U.S.C. § 1331. (Ct. Rec. 39). The Court additionally indicated that it had discretion to exercise supplemental jurisdiction over Plaintiff's breach of contract claim because it was based upon the same series of events as Plaintiff's TILA claim. (Ct. Rec. 39). Accordingly, jurisdiction was based on the fact that Plaintiff filed two federal claims and Plaintiff's breach of contract claim was factually related to the federal claims. (Ct. Rec. 39).

Although the facts underlying Plaintiff's prior claims do involve arbitration, the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*, is not the basis for this Court's jurisdiction. As explained, this Court's jurisdiction is based on the fact that Plaintiff filed two federal claims and Plaintiff's breach of contract claim was factually related to the federal claims.

ORDER . . . - 3

Plaintiff also argues that the Court lacks jurisdiction because all of her claims have been dismissed. On January 22, 2008, the Court dismissed Plaintiff's claims, and the only claim remaining in this action is Defendant's counterclaim. While Defendant's counterclaim arises under the Federal Arbitration Act, the Court obtained supplemental jurisdiction over the counterclaim, pursuant to 28 U.S.C. § 1367, prior to the dismissal of Plaintiff's claims. The Court's supplemental jurisdiction over Defendant's counterclaim is not extinguished as a result of the voluntary dismissal of Plaintiff's claims. This Court has properly retained jurisdiction over Defendant's counterclaim.

**II.  Venue**

Plaintiff asserts that Defendant's request to confirm the arbitration award is filed in the wrong district. (Ct. Rec. 64 at 8-9). Plaintiff contends that since the arbitration award was issued in King County, Washington, the proper venue is the United States District Court for the Western District of Washington. However, the venue provisions of the Federal Arbitration Act are permissive, permitting a motion to confirm, vacate, or modify an arbitration award either where the award was made or in any district proper under the general venue statute. *Cortez Byrd Chips, Inc. v. Bill Harbert Const. Co.*, 529 U.S. 193 at 195, 120 S.Ct. 1331 (2000). Contrary to Plaintiff's argument, the venue provisions of the Federal Arbitration Act do not restrict Defendant's request to confirm the arbitration award to the district where the award was made. Venue is proper before this Court.

ORDER . . . - 4

**III. CONFIRMATION OF ARBITRATION AWARD**

    **A.   Summary Judgment Standard**

A moving party is entitled to summary judgment when there are no genuine issues of material fact in dispute and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265, 273-74 (1986).  The party moving for summary judgment bears the initial burden of identifying those portions of the record that demonstrate the absence of any issue of material fact.  *T.W. Elec. Service, Inc. v. Pac. Elec. Contractors Assoc.*, 809 F.2d 626, 630 (9th Cir. 1987).  Only when this initial burden has been met does the burden of production shift to the nonmoving party.  *Gill v. LDI*, 19 F. Supp. 2d 1188, 1192 (W.D. Wash. 1998).  Inferences drawn from facts are to be viewed in the light most favorable to the non-moving party, but that party must do more than show that there is some "metaphysical doubt" as to the material facts.  *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586-87, 106 S.Ct. 1348, 1356, 89 L. Ed. 2d 538, 552 (1986).

    **B.   Analysis**

        *1.   Arbitration Agreement*

Plaintiff asserts that an issue of fact exists as to whether she agreed to any of the terms in the cardholder agreements provided by Defendant.  (Ct. Rec. 64 at 4).  She argues that the evidence does not establish that she agreed to the arbitration provision contained in the cardholder agreement.  (Ct. Rec. 64 at 5).  The undersigned does not agree.

ORDER . . . - 5

The facts demonstrate that, in early 1999, Defendant enclosed a Notice of Change in Terms containing an arbitration agreement with Plaintiff's monthly statement. (Ct. Rec. 43 ¶ 12). Plaintiff was given the opportunity to reject the arbitration clause by providing written notice. (Ct. Rec. 43 ¶ 12). It further stated that continued use of the account would be considered an agreement to the new terms. (Ct. Rec. 43 ¶ 12). There is no indication that the notice or monthly statement was returned as undeliverable, Plaintiff did not send notice or otherwise object to the arbitration clause, and Plaintiff continued to use the account after receipt of the notice. (Ct. Rec. 43 ¶¶ 14-15).

Defendant amended the cardholder agreement and its arbitration provision in July 2003. (Ct. Rec. 43 ¶ 16). Defendant enclosed a Notice of Change in Terms containing the amended arbitration agreement with Plaintiff's July 10, 2003 monthly statement. (Ct. Rec. 43 ¶ 16). Again, the notice provided Plaintiff the opportunity to reject the arbitration agreement and other changes and indicated that continued use of the account would be deemed as acceptance of the new terms. (Ct. Rec. 43 ¶ 17). There is no indication that the notice or monthly statement was returned as undeliverable, Plaintiff did not send notice or otherwise object to the arbitration clause, and Plaintiff continued to use the account after receipt of the notice. (Ct. Rec. 43 ¶ 18). Plaintiff also admits that she received the July 10, 2003 monthly statement. (Ct. Rec. 44, Exh. 8, Admission #3). Payment on the July 10, 2003 statement was received by Defendant on July 20, 2003. (Ct. Rec. 43 ¶ 18). Defendant has additionally provided similar facts for

ORDER . . . - 6

a subsequent amendment of the agreement in April 2005.  (Ct. Rec. 43 ¶¶ 20-22).

Defendant has submitted convincing evidence that a valid and enforceable arbitration agreement existed between Plaintiff and Defendant.  Although Plaintiff's self-serving declaration claims otherwise (Ct. Rec. 50 ¶¶ 5-12)[1], the facts demonstrate that Plaintiff received notice of the arbitration agreement by mail, the notice validly amended the cardholder agreement to include an arbitration clause, Plaintiff did not object to the arbitration clause after receipt of the notice, and Plaintiff continued to use the account after being notified of the arbitration agreement.  Based on the foregoing facts, it is apparent that Plaintiff agreed to binding arbitration.

### 2. *Confirming Arbitrator Award*

Defendant has moved to confirm the arbitration award.  (Ct. Rec. 40).  Pursuant to the Federal Arbitration Act, an arbitration award must be confirmed by the court "unless the award is vacated, modified or corrected."  9 U.S.C. § 9.  There are only four grounds upon which to vacate or correct an arbitration award:  (1) fraud in the procurement of the agreement; (2) arbitrator corruption; (3) arbitrator misconduct or exceeding of powers; and (4) corrections

---

[1] It is significant to note that, while Plaintiff's declaration definitively states that "I have never received any notice of amendment or change to the terms and conditions of the account agreement" (Ct. Rec. 50 ¶ 5), Plaintiff testified at her deposition that she did not know whether she received a copy of the notice and that she would routinely throw away anything enclosed with her monthly statement (Ct. Rec. 44, Exh. 2, pgs. 29-31, 36-37).

ORDER . . . - 7

of material miscalculations, exceeding of powers or imperfection of form. *G.C. and K.B. Investments, Inc. v. Wilson*, 326 F.3d 1096, 1104 (9th Cir. 2003).

Plaintiff has failed to plead any of the grounds for vacating the arbitration award. Instead, Plaintiff relies solely on her allegation that she did not receive notice of the arbitration clause. As concluded above, however, Defendant has submitted convincing evidence which demonstrates Plaintiff received notice of the arbitration provisions. *Supra*. The Court finds that there are no genuine issues of material fact concerning the arbitration award. Summary judgment on Defendant's request for confirmation of the arbitration award is therefore appropriate.

**IV. Defendant's Motion to Compel**

On August 10, 2007, Defendant filed a motion to compel Plaintiff to answer interrogatory requests and requests for the production of documents. (Ct. Rec. 28). Plaintiff subsequently provided responses to some of Defendant's requests but continued to refuse to answer Interrogatory Nos. 6, 7, 8, 9, 11, and 12 and Request for Production Nos. 1, 4, 5, 6, 7, 9, 10, and 16. (Ct. Rec. 35 at 1-2). Nevertheless, based on the Court's January 22, 2008 order granting Plaintiff's motion to voluntarily dismiss her complaint (Ct. Rec. 62) and the instant order confirming the arbitration award, it appears no further discovery is necessary in this case.

Based on the foregoing, **IT IS ORDERED as follows**:

1. Defendant's October 15, 2007 motion for summary judgment with respect to Defendant's counterclaim **(Ct. Rec. 40)**, is **GRANTED**.

ORDER . . . - 8

2.   The October 17, 2006 arbitration award issued by the National Arbitration Forum, requiring Plaintiff to pay Defendant $38,603.21, is **CONFIRMED**.

3.   Defendant's August 10, 2007 motion to compel **(Ct. Rec. 28)** is **DENIED as moot**.

**IT IS SO ORDERED.**  The District Court Executive is hereby directed to enter this order, provide copies to counsel, **enter judgment in favor of Defendant** and **close the file**.

**DATED** this   6th   day of August, 2008.

                              s/Fred Van Sickle
                              Fred Van Sickle
                   Senior United States District Judge

ORDER . . . - 9